STATE *vs.* DANIEL SPINK.

APRIL 20, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Criminal Complaint.   Adjournment of Hearing for Over Fourteen Days. Waiver.*

C. P. A., § 167, provides that a District Court may adjourn a trial, not exceeding fourteen days at any one time, except with the consent or at the request of the accused:—

*Held,* that such consent or request, being a condition on which the jurisdiction of the court to adjourn the case depends, should appear on the record.

*Held,* further, that, the statute being for the benefit of a defendant, the subsequent appearance of defendant without protest is an effectual waiver of the irregularity and supplies the consent which was lacking.

CRIMINAL COMPLAINT.   Heard on exceptions of defendant, and overruled.

PER CURIAM.   The record shows that the trial of this complaint in the District Court was adjourned for more than fourteen days, and it does not show whether or not this continuance was taken with the consent or at the request of the accused, as required by C. P. A. § 167.   We think that such consent or request, being a condition on which the jurisdiction of the court to adjourn the case depends, should appear on the record.   But, the statute being enacted for the benefit of the defendant, and his failure to consent being the only obstacle to the power of the court to continue the trial, his subsequent appearance without protest was an effectual waiver of the irregularity and supplied the consent which was lacking.

The third exception objects to a remark of the presiding judge in his charge relating to the appearance of the person

claimed to have been assaulted, as follows: "and she then introduces the testimony of this woman, Mrs. Rathbun, who goes over and sees them in the kitchen, and she says, 'What has happened?' and this woman Nellie, as she calls her, says, 'You see what has happened;' and there was no explanation at that time on the part of Mr. Spink, no defence made by him at that time, and I do not think that he claims that he made any explanation at that time. Perhaps he thought that none was necessary; however, he made none."

This observation was not a misstatement of the testimony, and it was proper for the court to call the attention of the jury to it.

The only other exception which is relied upon is to the refusal of the trial court to grant a new trial on the ground that the verdict was against the evidence. We think the motion was properly refused. The testimony of the parties to the assault was contradictory, and the jury believed one statement rather than the other. There was corroboratory evidence to sustain the charge.

We think the evidence·was sufficient to support the verdict.

The defendant's exceptions are overruled and the cause is remitted to the Superior Court for sentence.

*Henry W. Greenough,* Assistant Attorney-General, for State.
*Edward M. Sullivan,* for defendant.